NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-397

COMMONWEALTH

vs.

JOHN DOE.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

John Doe appeals from the denial of his motion to expunge his criminal record on the basis that the offense for which he was convicted is now no longer a crime, G. L. c. 276, § 100K (a) (2).  We affirm.

Background.  On January 8, 1997, Doe was charged with carrying a firearm without a license pursuant to G. L. c. 269, § 10 (a).  Doe's firearm license had expired on February 26, 1996, and he had not renewed it.  He was convicted after a jury trial in April 1997.  In 1998, the Legislature amended G. L. c. 140, § 131 (m), to provide a statutory defense to criminal penalties under certain conditions, including an expired firearm

_____

[1] A pseudonym.

license.  See St. 1998, c. 358, § 8.  On October 24, 2023, Doe filed a petition and motion to expunge his record pursuant to G. L. c. 276, § 100K (a) (2), which provides for reason-based expungement "if the court determines based on clear and convincing evidence that the record was created as a result of," inter alia, "an offense at the time of the creation of the record which at the time of expungement is no longer a crime." Doe argued that the amendment to G. L. c. 140, § 131 (m), made it a civil infraction to possess a firearm with an expired firearm license, and thus the underlying offense was no longer a crime.  At the expungement hearing, "the Commonwealth t[ook] no position and . . . defer[red] to the Court's discretion on this matter."  The judge denied Doe's petition and motion, writing, "The Defendant asserts that the offense is no longer a crime. The Court disagrees.  After review of the submissions, arguments of the parties and relevant case law, petition denied."  This appeal followed.

Discussion.  We review questions of statutory interpretation de novo.  Genworth Life Ins. Co. v. Commissioner of Ins., 95 Mass. App. Ct. 392, 395 (2019).  Doe contends that the judge erred and abused her discretion in denying his petition and motion, claiming that the 1998 amendment to G. L.

2

c. 140, § 131 (m),[2] decriminalized carrying a firearm without a

license where the license expired.  We disagree.[3]

Through § 131 (m), "the Legislature intended to exempt from

the imposition of criminal sanctions those whose licenses became

invalid inadvertently, but who would otherwise not be

disqualified from holding a valid license."  Commonwealth v.

Farley, 64 Mass. App. Ct. 854, 858 (2005).  This exemption is an

affirmative defense that, if satisfied, entitles the defendant

to a jury instruction.  See id. at 854-865.  Doe mistakes the

affirmative defense for total decriminalization of the offense.

While he relies on Farley to define the statutory defense and

concomitant exemption from criminal penalty, he omits Farley's

crucial clarification that "§ 131 (m) does not, by its terms,

provide that certain violations of the firearms licensing

statute be made totally and permanently noncriminal. . . .

---

[2] The statute provides in pertinent part that "any person in possession of a firearm . . . whose license issued under this section is invalid for the sole reason that it has expired, . . . but who shall not be disqualified from renewal upon application therefor pursuant to this section, shall be subject to a civil fine of not less than $100 nor more than $5,000 and the provisions of [G. L. c. 269, § 10,] shall not apply. . . ."

[3] Doe's contention that the Commonwealth waived any objection to his appeal does not rise to the level of appellate argument and we decline to consider it.  See Mass. R. A. P. 16 (a), as appearing in 481 Mass. 1628 (2019).  See also Thomas v. Commissioner of the Div. of Med. Assistance, 425 Mass. 738, 746 n.9 (1997).

3

Rather, under the statute, unlicensed possession of a firearm remains a crime, but in limited circumstances the 'innocent' offender is subject only to civil sanctions." Id. at 858-859. That Doe could have raised the affirmative defense at trial does not nullify the criminal nature of the offense. Cf. Commonwealth v. K.W., 490 Mass. 619, 633 (2022) (convictions for possession of now-decriminalized amount of marijuana "are canonic candidates for expungement" pursuant to § 100K [a] [2]). Cf. also Figgs v. Boston Hous. Auth., 469 Mass. 354, 364 (2014), discussing G. L. c. 94C, § 32L-32N, inserted by St. 2008, c. 387, §§ 2-4 (Massachusetts voters approved amendment to "change[] the status of possession of one ounce or less of marijuana from a criminal offense to a civil infraction"). The judge did not err in denying Doe's petition and motion.[4]

Doe also argues that the judge erred and abused her discretion by not considering whether expungement would be "in the best interests of justice." G. L. c. 276, § 100K (b). Because the judge correctly determined that the offense for which Doe was convicted was still a crime, the judge was not required (or even permitted) to consider the best interests of

---

[4] We need not reach the scope of the affirmative defense provided by G. L. c. 140, § 131 (m), because the offense remains a crime.

4

justice.  See <u>Matter of Expungement</u>, 489 Mass. 67, 68 (2022), quoting G. L. c. 276, § 100K (<u>b</u>) ("only after making such findings [of reason-based expungement] -- a judge may consider whether expungement would be 'in the best interests of justice'").

<u>Order denying motion to
   expunge criminal record
   affirmed</u>.

By the Court (Blake, C.J.,
   Hodgens & Toone, JJ.[5]),

Clerk

Entered:  April 30, 2025.

---

[5] The panelists are listed in order of seniority.